■ In the Matter of MARGARET YOUNG, Petitioner, v. JULE SUGARMAN, as Commissioner of the New York City Department of Social Services, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, rendered November 8, 1972 and made after

a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of the City of New York reducing petitioner's public assistance grant and requiring her to repay $676.80, which allegedly had been received by her unlawfully, in 24 semimonthly installments. Determinations reversed, on the law, without costs, and the respondent city agency is directed to issue a grant to petitioner in the amount it has recouped from her regular recurring cash grant. Petitioner began receiving public assistance in April or May, 1971. Thereafter, on July 3, 1971, she also began receiving Social Security benefits. Three months later, in October, the New York City Department of Social Services sent her a form requesting certain information, which form petitioner signed on October 18, 1971 and in which she indicated there had been no change in her financial situation since she began receiving assistance, i.e., that she had not started receiving Social Security payments. When it turned out that petitioner in fact had received Social Security payments, the city agency took the action which prompted this proceeding. The authority pursuant to which the city agency acted was 18 NYCRR 348.4, which has to do with recovery of assistance wrongfully obtained by an applicant or recipient. The difficulty is that at the time the decision was made to reduce petitioner's semimonthly payment, in June, 1972, section 348.4 provided that "where there is evidence that indicates the existence of available resources, appropriate cases [involving assistance wrongfully obtained] shall be referred promptly to the local agency's legal advisor to attempt to obtain restitution, voluntarily, or by civil action." There is no evidence in the record whatever to show that any attempt was made (1) to learn whether petitioner had "available resources" or (2) to obtain restitution. Instead, petitioner was simply advised that "a recovery of $676.80 will be made in 24 issues." It is true that the present version of section 348.4 contains no requirement for the local Social Services agency to look to available resources or possible restitution, but the present version was not effective until July 11, 1972, i.e., after the city agency acted in this case. We discern no intent or authority to give retroactive effect to the present section 348.4 and to do so would impose an obvious hardship on this petitioner. We therefore reverse the determinations and direct the respondent city agency to pay petitioner the amounts withheld from her. Shapiro, Acting P. J., Cohalan, Benjamin and Munder, JJ., concur; Christ, J., dissents and votes to dismiss the proceeding and confirm the determination, with the following memorandum: The substantial evidence supports the determinations by the respondent Commissioners of Social Services that petitioner willfully failed to report her Social Security income as required. Petitioner responded "no" to a questionnaire asking whether she was receiving any additional income, specifying as an example income from Social Security, although she had been receiving Social Security payments for four months. This misrepresentation was a deliberate fraud, presumably perpetrated to keep petitioner's relief grant high. In fact, over a period of about 10 months, she collected some $676 more than she was entitled to receive. Petitioner should not be allowed to profit by this deception and the order to require her to take a deduction in future payments is a sound and proper procedure. In order that the impact of the recoupment of these overpayments should not fall with undue weight, the order stretches the payments over a 24-issue (12-month) period. While the Commissioners made no finding that petitioner has assets against which a civil judgment could be executed, a condition precedent to application of 18 NYCRR 348.4, there is implicit a finding that, from the future payments to petitioner, there will be a source to secure restitution. To decide this case otherwise would destroy the efficacy of the information ques-

tionnaire. This questionnaire is a prime source of facts upon which the welfare agency acts in fixing the amount of aid. Truthful answers are essential and any willful misstatements must carry serious disadvantages to the declarant. The result I reach here is not punishment or penalty. It merely requires petitioner to return what she unlawfully obtained, on easy terms out of money which the State still plans to pay her in contemplation of her future indigency. This is a highly desirable result and exceedingly fair to petitioner.